1

2

3

4

5

6             **UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

8

MAX BAER PRODUCTIONS, LTD.,               )

9                                          )

              Plaintiff,                    )

10                                         )        3:09-cv-00512-RCJ-RAM

      vs.                                   )

11                                         )

RIVERWOOD PARTNERS, LLC,                    )        **ORDER**

12                                         )

              Defendant.                    )

13  _____ )

14       This case arises out of two interdependent failed real estate developments.  On September

15  20, 2010, the Court granted Defendant's motion to dismiss, dismissing the Complaint and

16  leaving only Defendant's counterclaims for breach of contract, bad faith, negligent

17  misrepresentation, and declaratory judgment.  Pending before the Court are Plaintiff's motion to

18  dismiss the counterclaims for lack of prosecution and Defendant's motion for offensive summary

19  judgment on those counterclaims.  For the reasons given herein, the Court grants the motion to

20  dismiss and strikes the motion for summary judgment.

21  **I.       FACTS AND PROCEDURAL HISTORY**

22       On or about September 25, 2007, Plaintiff Max Baer Productions, Ltd. ("Max Baer") and

23  Defendant Riverwood Partners, LLC ("Riverwood") entered into the Real Estate Sales

24  Agreement (the "Sales Agreement"), under which Plaintiff was to purchase from Defendant

25

1    certain property. (*See* Am. Compl. ¶ 4; ECF No.6, Ex. 1; *id.*, Ex. 1, Ex. A).[1]  On or about

2    October 16, 2007, the parties entered into a Cost Sharing and Development Agreement (the

3    "Development Agreement"), which by its terms was to close concurrently with the Sales

4    Agreement, and under which Defendant was to undertake various improvements on its property

5    to establish utilities, roadways, and other infrastructure to service the casino and resort to be built

6    on the property Plaintiff purchased from Defendant under the Sales Agreement and which was

7    adjacent to Defendant's property. (*See id.*, Ex. 2, at 1).

8           On October 29, 2007, Plaintiff gave Defendant a deed of trust against 15.83 acres of

9    property to secure a $500,000 promissory note. (*See id.*, Ex. 3; *id.*, Ex. 3, Ex. A).  Plaintiff

10   alleges that Defendant has failed to obtain a required $27 million construction loan or to fulfill

11   its development obligations under section 4 of the Development Agreement. (*See* Am. Compl.

12   ¶ 8).  Defendant argues that the Development Agreement only requires completion of the

13   improvements sixty days before Plaintiff completes its buildings, and Plaintiff has not even

14   begun construction on any buildings.  Plaintiff alleges that in July of 2008, Defendant returned to

15   Plaintiff the deed of trust and corresponding note it had given to Plaintiff. (*See* Am. Compl. ¶ 9).

16

17   It is not clear whether Plaintiff means to imply that Defendant thereby anticipatorily repudiated

18   _____

19   [1] The Sales Agreement may in fact fail to satisfy the statute of frauds for failure to describe the
     land.  "To satisfy the statute of frauds the boundaries need only be 'ascertainable from the
     memorandum.'" *Wiley v. Cook*, 583 P.2d 1076, 1080 (Nev. 1978) (quoting *Durham v. Dodd*, 285
20   P.2d 747, 749 (Ariz. 1955)).  Exhibit A to Exhibit 1 to the Sales Agreement was to contain a
     delineation of the property.  Exhibit A, however, simply indicates that the description of the
21   property is "attached hereto," yet it is not. (*See* #6, Ex. 1, Ex. A).  Exhibit B to Exhibit 1 to the
     Sales Agreement immediately follows Exhibit A, with no description of the land attached in
22   between.  The first page of the Sales Agreement gives the only description of the property in the
     attached documents, describing it as approximately 21.42 acres in Douglas County, Nevada, on
23   the east side of a proposed road called Riverwood Drive. (*See id.*, Ex 1, at 1).  The reader is
     directed to see Exhibit A to Exhibit 1 to the Sales Agreement for a better description.  This
24   description is insufficient to convey real property.  A searcher in the public records would not
     possibly be on notice of what parcel of land in Douglas County was intended to be conveyed by
25   such a description.  It is possible that Defendant has simply failed to attach Exhibit A to Exhibit
     1 to the Sales Agreement, but the evidence in the record currently indicates a Sales Agreement
     that does not satisfy the statute of frauds.

the contract by returning the note and deed of trust before they were satisfied or rather that

Plaintiff had satisfied the note and Defendant therefore returned the note and the deed of trust.

However, Plaintiff alleges that Defendant then requested a cash deposit or a letter of credit in

lieu of the promissory note, in order to assist Defendant in obtaining a construction loan. (*See id.*

¶ 10).  On or about October 29, 2008, Defendant admitted it did not have the financing required

to proceed under the Development Agreement. (*Id.* ¶ 11).

Plaintiff sued Defendant in this Court on four causes of action.  The Court dismissed the

complaint for failure to state a claim.  Defendant's counterclaims for breach of contract, bad

faith, negligent misrepresentation, and declaratory judgment remain.  Plaintiff has moved to

dismiss the counterclaims for lack of prosecution, and in response Defendant has moved for

offensive summary judgment on the counterclaims.

## II.    LEGAL STANDARDS

A defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to

comply with these rules or a court order." Fed. R. Civ. P. 41(b).

> In determining whether to dismiss a claim for failure to prosecute or failure to
> comply with a court order, the Court must weigh the following factors: (1) the
> public's interest in expeditious resolution of litigation; (2) the court's need to manage
> its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of
> less drastic alternatives; and (5) the public policy favoring disposition of cases on
> their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  The first factor always favors

dismissal, *id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), and the fifth

factor always weighs against dismissal, *id.* at 643 (citing *Hernandez v. City of El Monte*, 138

F.3d 393, 399 (9th Cir. 1988)).  Under the second factor, a trial judge has discretion to determine

the effect of delay in a particular case on docket management. *Id.* at 643 (citing *Yourish*, 191

F.3d at 990).  A defendant bears the burden of establishing under the third factor that the

Plaintiff's actions "impaired the defendant's ability to proceed to trial or threatened to interfere

1    with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131

2    (9th Cir. 1987)).  Pendency of a lawsuit is insufficient without more. *Id.*  Unreasonable delays

3    need not be tolerated, however, and the reason for a delay is relevant to whether it is reasonable.

4    *Id.* at 642–43 (citing *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir. 1984)).  Under the fourth factor,

5    a court should consider whether public policy strongly favors resolving the particular dispute on

6    the merits, whether dismissal would severely penalize a plaintiff for an attorney's own conduct,

7    and whether any bad conduct by the party is willful, in bad faith, or otherwise interferes with the

8    correct decision of the case. *Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1132 (9th

9    Cir. 2008).

10
**III.    ANALYSIS**

11
     Defendant, a business organization that cannot appear *in pro* se, was without counsel

12   from February 2011 to December 2011.  However, Defendant engaged new counsel in December

13   2011, and the pleadings indicate that counsel has been in contact with counsel for Plaintiff since

14   associating.  Still, Plaintiff notes that Defendant failed to file a proposed joint pretrial order by

15   December 31, 2010, as was required under the extension to the Scheduling Order. (*See* Order,

16   Apr. 21, 2010, ECF No. 87).

17
18        Moreover, at oral argument, Plaintiff noted that it had that morning filed a quiet title

19   action in state court in Douglas County to resolve the remaining disputes over certain easements.

20   This Court's docket is very full, and the state court can resolve the remaining quiet title issues.

21   Defendant will not have been prejudiced by the loss of any remedies by the dismissal of the

22   counterclaims in the present case.  The Court will leave it to the state District Court in Douglas

23   County to sort out the remaining quiet title issues as to the disputed parcels or easements over

24   them.

25        Finally, dispositive motions were due by November 30, 2010 by extension, (*see id.*), so

1     the Court will strike the motion for summary judgment.

2     **CONCLUSION**

3     IT IS HEREBY ORDERED that the Motion to Dismiss for Lack of Prosecution (ECF

4     No. 124) is GRANTED.

5     IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 129) is

6     STRICKEN.

7     IT IS SO ORDERED.

8     Dated this 9th day of July, 2012.

9

10

11     _____

              ROBERT C. JONES

12             United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25