# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAX BAER PRODUCTIONS, LTD.,   )
                              )
           Plaintiff,         )
                              )          3:09-cv-00512-RCJ-RAM
      vs.                     )
                              )
RIVERWOOD PARTNERS, LLC,      )          **ORDER**
                              )
           Defendant.         )
_____)

This case arises out of two interdependent failed real estate developments. The Court has dismissed all claims and counterclaims. Pending before the Court is Defendant's motion for attorney's fees and nontaxable costs under state law. For the reasons given herein, the Court denies the motion.

I.  FACTS AND PROCEDURAL HISTORY

On or about September 25, 2007, Plaintiff Max Baer Productions, Ltd. ("MBP") and Defendant Riverwood Partners, LLC ("Riverwood") entered into the Real Estate Sales Agreement (the "Sales Agreement"), under which Plaintiff was to purchase from Defendant certain property. (*See* Am. Compl. ¶ 4; ECF No.6, Ex. 1; *id.*, Ex. 1, Ex. A).[1] On or about

---

[1] The Court has noted in previous orders that the Sales Agreement may have failed to describe the land sufficiently to effect a transfer under *Wiley v. Cook*, 583 P.2d 1076, 1080 (Nev. 1978) (quoting *Durham v. Dodd*, 285 P.2d 747, 749 (Ariz. 1955)).

October 16, 2007, the parties entered into a Cost Sharing and Development Agreement (the "Development Agreement"), which by its terms was to close concurrently with the Sales Agreement, and under which Defendant was to undertake various improvements on its property to establish utilities, roadways, and other infrastructure to service the casino and resort to be built on the property Plaintiff purchased from Defendant under the Sales Agreement and which was adjacent to Defendant's property. (*See id.*, Ex. 2, at 1).

On October 29, 2007, Plaintiff gave Defendant a deed of trust against 15.83 acres of property to secure a $500,000 promissory note. (*See id.*, Ex. 3; *id.*, Ex. 3, Ex. A). Plaintiff alleged that Defendant failed to obtain a required $27 million construction loan or to fulfill its development obligations under section 4 of the Development Agreement. (*See* Am. Compl. ¶ 8). Defendant argued that the Development Agreement only required completion of the improvements sixty days before Plaintiff completed its own buildings, and that Plaintiff had not even begun construction on any its own buildings. Plaintiff alleged that in July of 2008, Defendant returned to Plaintiff the deed of trust and corresponding note. (*See* Am. Compl. ¶ 9). It was not clear whether Plaintiff meant to imply that Defendant thereby anticipatorily repudiated the contract by returning the note and deed of trust before they were satisfied or rather that Plaintiff had satisfied the note and Defendant therefore returned the note and the deed of trust. However, Plaintiff alleged that Defendant then requested a cash deposit or a letter of credit in lieu of the promissory note in order to assist Defendant in obtaining a construction loan. (*See id.* ¶ 10). On or about October 29, 2008, Defendant admitted it did not have the financing required to proceed under the Development Agreement. (*Id.* ¶ 11).

Plaintiff sued Defendant in this Court on four causes of action. The Court dismissed the complaint for failure to state a claim. The Court later dismissed Defendant's counterclaims for failure to prosecute.

## II. LEGAL STANDARDS

Rule 54 requires an award of costs to a prevailing party and permits attorneys' fees to a prevailing party if provided for elsewhere (by statute, rule, or contract). *See* Fed. R. Civ. P. 54(d). Local Rules 54-1 and 54-16 contain procedural and evidentiary requirements for fee awards.

## III. ANALYSIS

Defendant argues that it is entitled to attorney's fees and nontaxable costs for three reasons: (1) fees are available to a prevailing party pursuant to the Development Agreement; (2) fees are available under Nevada Revised Statutes ("NRS") section 17.115 and Nevada Rule of Civil Procedure 68 because Plaintiff rejected an offer of judgment; and (3) fees are available under NRS sections 7.085 and 18.010 because Plaintiff's claims were groundless.

### A. The Contractual Provision

The Court should award attorney's fees under the Development Agreement if it provides for fees in the present case by its terms. *See, e.g.*, *Semenza v. Coughlin Crafted Homes*, 901 P.2d 684, 689 (Nev. 1995) (quoting Nev. Rev. Stat. § 18.010(1)). The Development Agreement provides:

> In the event of any legal or equitable action, arbitration or proceeding between the Parties hereto arising out of this Agreement (excluding matters referred to the Selected Arbitrator), the prevailing Party shall be awarded reasonable attorney's fees and court or arbitration costs in addition to any other judgment or award.

(Development Agreement 13, § 17, Oct. 17, 2007, ECF No. 137-3, at 15 (signed by Max Baer on Oct. 16, 2007)). Plaintiff argues that Defendant is not the prevailing party because Defendant lost on its own counterclaims. This is correct, and as the Court noted at a previous hearing, neither party is a prevailing party in this action, as all the claims and counterclaims were without merit.

///

B.     NRS Section 17.115

Defendant argues that fees are available under state law because Defendant rejected an offer of judgment for $1000 and won no verdict. The relevant state statute permits reasonable attorney's fees. *See* Nev. Rev. Stat. § 17.115(4)(d)(3). The state rules also permit such an award. *See* Nev. R. Civ. P. 68(f)(2). Although section 17.115 and Nevada Rule 68 are *Erie*-substantive, they can in some cases conflict with Federal Rule 68, which governs the penalties for rejecting offers of judgment in federal court. *See Walsh v. Kelly*, 203 F.R.D. 597, 598–600 (D. Nev. 2001) (Reed, J.) (citing *Hanna v. Plumer*, 380 U.S. 460, 471–72 (1965)). Whereas the state rule permits both attorney's fees and otherwise nontaxable costs against a party who obtains a judgment less favorable than an offer it rejected, the federal rule permits only costs. *See id.* at 599; Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). Federal Rule 68 is not applicable here, however, because Plaintiff (the putative "offeree" under Federal Rule 68) obtained no judgment at all with respect to its own claims. *See Delta Air Lines v. August*, 450 U.S. 346, 352 (1981) ("In sum . . . it is clear that [Federal Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. *It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.*" (emphasis added)). Here, also, the Defendant obtained the judgment. There being no conflict with Federal Rule 68, Nevada law on the matter controls.

In contrast to Federal Rule 68, the language of the controlling state statute appears to permit an award of fees (and other nontaxable costs) so long as the rejecting offeree fails to receive a more favorable judgment, regardless of whether the rejecting offeree receives any judgment at all. *See* Nev. Rev. Stat. § 17.115(4), (4)(c), and (4)(d)(3) ("[I]f a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court . . . shall order the party to

pay the taxable costs incurred by the party who made the offer; and . . . may order the party to pay to the party who made the offer . . . reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment."). The court has discretion whether to award fees and nontaxable costs under section 17.115 and Nevada Rule 68, according to the following factors:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Chavez v. Sievers*, 43 P.3d 1022, 1027 (Nev. 2007) (quoting *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983)).

Here, Defendant made a $1000 offer of judgment to Defendants approximately ten months after the suit was filed and one month before a hearing on its motion to dismiss. Plaintiff rejected the offer by failing to respond to it, and Plaintiff's claims were ultimately dismissed, i.e., Plaintiff failed to receive a more favorable judgment.

The Court will not award fees and otherwise nontaxable costs under NRS section 17.115 in this case. First, it is possible that Plaintiff's claims were brought in bad faith. The claims were based upon unmeritorious theories of impracticability, frustration of purpose, lack of consideration, and bad faith. Claims may be unmeritorious and still be brought in good faith, however.

Second, Defendant's settlement offer was made in good faith as to the amount. The token $1000 offer may appear to have been made simply for the procedural purpose of preserving rights to fees under state law should Defendant win a judgment. However, the weakness of Plaintiff's case made this token offer reasonable. Also, the offer was made after the close of discovery, so the timing was also in good faith because Plaintiff was able to better assess his

chances of success when the offer was made, as opposed to the situation where a Defendant makes a token offer at the outset of a case.

Third, Plaintiff's rejection of the offer of judgment was not grossly unreasonable. The offer was made for a token amount after Plaintiff had already expended many times the offer in legal fees. Although the lawsuit itself may have been unreasonable in the first instance, Plaintiff's decision to await dispositive motion rulings rather than accept the token offer was not unreasonable in-and-of-itself under the circumstances.

Fourth, the Court assumes that the fees and costs requested are reasonable.

On balance, the Court finds that the second and third factors are most important, and that fees and costs should not be permitted because of the reasonableness of the rejection of the offer in light of the amount and timing. Both parties acted reasonably in offering and rejecting the $1000 settlement, respectively.

**C.     NRS Sections 7.085 and 18.010**

The relevant portions of these two statutes read identically and are analogous to Federal Rule 11, although the first state statute applies against attorneys and the second applies against parties:

> If a court finds that an attorney has . . . [f]iled, maintained or defended a civil action or proceeding in any court in this State and such action or defense is not well-grounded in fact or is not warranted by existing law or by an argument for changing the existing law that is made in good faith . . . the court shall require the attorney personally to pay the additional costs, expenses and attorney's fees reasonably incurred because of such conduct.
>
> The court shall liberally construe the provisions of this section in favor of awarding costs, expenses and attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award costs, expenses and attorney's fees pursuant to this section and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and

> increase the costs of engaging in business and providing professional services to the public.

Nev. Rev. Stat. § 7.085(1), (1)(a), and (2).

> In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party . . . [w]ithout regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

Nev. Rev. Stat. § 18.010(2), (2)(b).

The Court must first ask whether Federal Rule 11 controls the issue. The Court finds that Federal Rule 11 conflicts with NRS section 7.085 (which, like Federal Rule 11, imposes penalties on attorneys or pro se parties) but not with NRS section 18.010 (which imposes penalties on represented parties). *See Chamberlain v. Giampapa*, 210 F.3d 154, 160 n.5 (3d Cir. 2000) (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523 (10th Cir. 1996)). Defendant may therefore maintain the present motion under NRS section 18.010 and may obtain fees against Plaintiff, but not against Plaintiff's counsel.

Fees are permitted under section NRS 18.010 where "the claim . . . was brought or maintained without reasonable ground or to harass . . . ." Nev. Rev. Stat. § 18.010(2)(b). The Court finds that the case was brought without reasonable ground. It appears clear that in this case there was a mutual breach, with neither party delivering or standing prepared to deliver the performance necessary to maintain a breach of contract claim against the other. When the economy collapsed during the early stages of the present development, Defendant became unable

to obtain the financing to perform, just as Plaintiff became similarly unable to perform, as evidenced by the fact that it never began construction on its own buildings. There was therefore no reasonable basis for suit for breach of contract by either party in this case, and the Court will not grant fees under section 18.010(2)(b) to either party. Any fees properly awardable to Defendant under this statute would also be awardable to Plaintiff based upon Defendant's groundless counterclaims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 137) is DENIED.

IT IS SO ORDERED.

DATED: This 26th day of November, 2012.

_____
ROBERT C. JONES
United States District Judge